Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 11-2263

EDWIN CARRANZA-VARGAS,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

Joshua L. Goldstein on brief for petitioner.
Brendan P. Hogan, Office of Immigration Litigation, Stuart F. Delery, Acting Assistant Attorney General, Civil Division, and Cindy S. Ferrier, Assistant Director, on brief for respondent.

August 30, 2012

**LYNCH**, **Chief Judge**.  Edwin Carranza-Vargas petitions for review of a September 30, 2011, decision by the Board of Immigration Appeals (BIA), which affirmed the decision of an Immigration Judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  Relief was denied because Carranza-Vargas failed to establish that attempts by gangs to extort money from him were even partially motivated by a desire to persecute him on account of a protected ground, and he did not qualify for CAT relief.

Carranza-Vargas bases his claim for asylum and withholding of removal on the argument that he was subjected to persecution on account of his membership in the particular social group of former police and army members who fear harm by gangs.  He also argues that he is protected under the CAT because he will be tortured by gangs upon his return to El Salvador.  The agency's determinations are supported by substantial evidence, and we deny the petition for review.

I.

Carranza-Vargas is a native and citizen of El Salvador who unlawfully entered the United States on or about December 29, 2006.  On February 12, 2007, the Department of Homeland Security began removal proceedings by filing a Notice to Appear with the immigration court, charging Carranza-Vargas as an alien present in the United States without having been admitted or paroled in

violation of 8 U.S.C. § 1182(a)(6)(A)(i). Carranza-Vargas admitted the allegations, conceded removability, and applied for relief in the form of asylum, withholding of removal, and protection under the CAT.

Carranza-Vargas's merits hearing was held before the IJ on November 25, 2009. He testified that between 1981 and 1983 he served in El Salvador's military; later he served in the national police force in various capacities. As part of his duties, Carranza-Vargas arrested gang members, who, in retaliation, threatened him. During his time on the police force, gang members threatened to physically attack Carranza-Vargas unless he paid them $25 each month. Carranza-Vargas chose to pay and was not assaulted. Gangs left him alone when he carried his service pistol.

After leaving the police force in 1997, Carranza-Vargas held jobs as a private security guard. Gang members continued to routinely stop Carranza-Vargas to extract money from him and continued to demand $25 monthly payments through 2006. Carranza-Vargas stated that the gangs also demanded money from other citizens who lived in the area, including almost anyone who made money, in accordance with the income those citizens earned.

In 2003, approximately six years after leaving the police force, and more than twenty years after leaving the military, Carranza-Vargas was again asked to pay by gangs. Knowing that

Carranza-Vargas was carrying rent money, the gang members waited for him. Because he had refused to pay the gang members on an earlier date, the gang members assaulted him. Carranza-Vargas was severely injured and spent eighteen days in the hospital.

Three years later, in 2006, gang members attacked him again. In this incident, Carranza-Vargas refused to give the four gang members who confronted him any money, apparently because he did not have the $10 demanded. The gang members beat Carranza-Vargas and stole his bicycle and pistol. They made no reference to his status as an ex-police officer or ex-military member.

On cross-examination, Carranza-Vargas testified that the gangs would want to harm him if he returned to El Salvador because "they almost killed me once[] [a]nd if I come from this country carrying money, they'll try again."

The IJ found that Carranza-Vargas's testimony was credible, but that Carranza-Vargas did not establish that he was eligible for asylum because he did not suffer past persecution on account of a protected ground. The IJ found that the threats made against Carranza-Vargas while on the police force did not amount to persecution. The IJ also found that the extortions and assaults of Carranza-Vargas occurred on account of the gang members' desire to exploit and rob generally. The IJ also found that Carranza-Vargas did not establish a well-founded fear of future persecution because

this claim rested on the same facts as his claim of past persecution.

Because Carranza-Vargas did not establish eligibility for asylum, the IJ found that Carranza-Vargas also did not meet the higher standard required for withholding of removal. Finally, the IJ found that the CAT claim failed because Carranza-Vargas did not establish that he would be subjected to torture at the instigation or with the consent or acquiescence of a public official or someone acting in an official capacity.

Carranza-Vargas appealed the IJ's decision to the BIA, which dismissed the appeal on September 30, 2011. The BIA reasoned that Carranza-Vargas "failed to establish that the attempts to extort money from him were even partially motivated by a desire to persecute him for a ground enumerated in the Act -- much less that such a motivation constituted or would constitute 'one central reason' for the gang members' actions."[1] The BIA rejected the CAT claim because Carranza-Vargas did not "present[] sufficient evidence establishing that it is more likely than not that he would be subject to torture upon return to El Salvador at the instigation or with the acquiescence . . . of a government official."

On October 27, 2011, Carranza-Vargas petitioned this

---

[1] Because the BIA reached its decision on the ground that Carranza-Vargas was not persecuted on account of his status as an ex-police officer or ex-military member, we need not reach the question of whether such proposed social groups are legally cognizable.

court for review of the BIA's decision on the grounds that the record compels us to conclude that Carranza-Vargas's prior membership in the national police was at least a central reason for why gang members attacked him and that Carranza-Vargas should be granted relief under the CAT.

## II.

We decide petitions for review based on the administrative record that is the basis of the agency's findings, 8 U.S.C. § 1252(b)(4)(A), and the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," id. § 1252(b)(4)(B). Because the question of whether persecution is "on account" of a protected ground is generally an issue of fact, Sompotan v. Mukasey, 533 F.3d 63, 68 (1st Cir. 2008), we review under the substantial evidence standard, id. To reverse the agency's decision, we must "find that the evidence not only supports th[e] conclusion [that the applicant is eligible for relief], but compels it." INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992). Where the BIA affirms the IJ but includes its own discussion, we review both opinions. Nako v. Holder, 611 F.3d 45, 48 (1st Cir. 2010).

To establish eligibility for asylum, an alien must demonstrate that he has been subjected to past persecution or has a well-founded fear of future persecution based on race, religion, national origin, political opinion, or membership in a particular

-6-

social group. 8 U.S.C. § 1158(b)(1); id. § 1101(a)(42). For applications for asylum submitted after May 11, 2005, like Carranza-Vargas's,[2] one of the statutorily protected grounds must be "at least one central reason" for the persecution. Id. § 1158(b)(1)(B)(i). A showing of past persecution with a sufficient nexus to a statutorily protected ground creates a rebuttable presumption of future persecution. Orelien v. Gonzales, 467 F.3d 67, 71 (1st Cir. 2006).

The agency's finding that Carranza-Vargas was not persecuted on account of membership in the proposed social group of former police officers or soldiers, but that the attacks were economically motivated, is supported by substantial evidence.

The BIA's finding is consistent with the observation we have made that "greed -- not social group membership -- is the apparent trigger" for much gang violence. Arévalo-Girón v. Holder, 667 F.3d 79, 83 (1st Cir. 2012). Carranza-Vargas's own testimony was that gangs demanded money from all citizens in accordance with what they earned. When he paid his monthly fee, gang members did not assault him. Indeed, Carranza-Vargas provided no evidence that his being a member of the police force was a basis for the attacks on him.

_____

[2] The REAL ID Act of 2005 is applicable to Carranza-Vargas because he submitted his application after May 11, 2005, the effective date of the Act. See 8 U.S.C. § 1158 note (Effective Date of 2005 Amendment); Díaz-García v. Holder, 609 F.3d 21, 27 (1st Cir. 2010).

The 2003 attack occurred when gang members waited for him because they knew he had rent money on him and Carranza-Vargas had refused to hand over money.  In the 2006 attack, Carranza-Vargas admitted that he was beaten because he did not have the $10 that the gang wanted.  Finally, Carranza-Vargas testified that the basis of his fear that gang members would try to kill him upon his return to El Salvador was that the gangs would believe he was carrying money from the United States.  Thus, the agency's finding that Carranza-Vargas is not eligible for asylum is supported by substantial evidence.

Because withholding of removal requires satisfying a more stringent standard than that which governs asylum, Carranza-Vargas is necessarily ineligible for withholding of removal.  See Stanciu v. Holder, 659 F.3d 203, 208 (1st Cir. 2011).

Carranza-Vargas also argues that the agency erred in finding him ineligible for protection under the CAT.  A necessary element for such relief is likelihood of torture at the instigation of or with the consent or acquiescence of a public official.  Elien v. Ashcroft, 364 F.3d 392, 398 (1st Cir. 2004) (citing 8 C.F.R. § 208.18(a)(1)).  There is no evidence that the government instigated or acquiesced to the attacks on Carranza-Vargas.  The State Department reports of widespread gang violence in the country do not compel a contrary conclusion.  See Mendez-Barrera v. Holder, 602 F.3d 21, 28 (1st Cir. 2010).  In fact, Carranza-Vargas's own

argument, that he was persecuted by gangs on account of being a former police officer and military member, is inconsistent with government acquiescence.

The petition is denied.